UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANITA MARIE MERCADO,

                Plaintiff,

-against-

HARBOR GROUP MANAGEMENT,

                Defendant.

1:21-CV-5568 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this *pro se* action asserting claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. She alleges that her former employer, Harbor Group Management, discriminated against her because of her race and retaliated against her.

Plaintiff filed with her complaint an application for the Court to request *pro bono* counsel. (ECF 3.) By order dated August 20, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court: (1) grants Plaintiff leave to file an amended complaint within sixty days of the date of this order, and (2) denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's complaint does not include many allegations. Its statement of claim refers to attached documents, but the only document attached to the complaint is a notice of right to sue issued by the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff's

complaint does, however, allege the following: Plaintiff is "Latino (Puerto Rican)." (ECF 2, at 4.) She held an unspecified position with Defendant Harbor Group Management ("HGM"), and worked at a location in New Rochelle, New York. HGM discriminated against Plaintiff because of her race and retaliated against her. HGM's adverse employment actions against Plaintiff included terminating her employment.

Plaintiff seeks unspecified relief. She "suffered a great deal of depression [and] anxiety during this time [and because she] was let go [she] could not afford healthcare. . . . [Plaintiff] endured a great deal of stress and just want[s] to request this review to prevent this from happening to the next person." (*Id.* at 6.)

Plaintiff filed a discrimination charge on an unspecified date in December 2020. The EEOC issued her a notice of right to sue on an unspecified date.[1]

## DISCUSSION

**A.      Claims of discrimination under Title VII and 42 U.S.C. § 1981**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII. . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). "Specifically, Section 1981 provides that '[a]ll persons within the jurisdiction of the United

---

[1] The EEOC's notice of right to sue that is attached to the complaint lacks a date of issuance. (ECF 2, at 8.)

States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) [of that statute] explicitly asserts that the term '"make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.'" *Id.* at 301. The protections of Section 1981 cover all contracts, including employment agreements. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v.*

4

*Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021)

(citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

**B.      Claims of retaliation under Title VII and Section 1981**

Under Title VII's antiretaliation provision:

> [i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees or applicants for employment . . . because [the employee or applicant] has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a). Section 1981 also "encompasses claims of retaliation." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008).

To state a claim of retaliation under Title VII, a plaintiff must allege facts showing "(1) [the] defendant[] discriminated – or took an adverse employment action – against [her], (2) 'because' [s]he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting § 2000e-3(a)). "[F]or an adverse retaliatory action to be 'because' a plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or "motivating' factor in the employer's decision." *Id.* at 90-91 (internal quotation marks and citations omitted). The pleading requirements are the same for a claim of retaliation under Section 1981. *See, e.g.*, *Mohan v. City of New York*, No. 17-CV-3820, 2018 WL 3711821, at *9 (S.D.N.Y. Aug. 3, 2018).

**C.      Plaintiff's allegations fail to state a claim**

Plaintiff does not allege enough facts to state a claim of discrimination under Title VII or Section 1981. She merely asserts that HGM discriminated against her because of her race and terminated her employment.

5

Plaintiff also alleges virtually no facts to state a claim of retaliation under Title VII or Section 1981. She only states that HGM retaliated against her; she does not allege any facts showing that HGM retaliated against her for opposing an unlawful employment practice.

The Court grants Plaintiff leave to file an amended complaint in which she alleges facts sufficient to state a claim of discrimination or retaliation under Title VII or Section 1981.

D.      **Application for the Court to request *pro bono* counsel**

The Court must deny Plaintiff's application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, her efforts to obtain a lawyer, and her ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice Plaintiff's filing another such application at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)

(internal quotation marks omitted)). Because Plaintiff may be able to allege additional facts to state a valid claim of discrimination or retaliation under Title VII or Section 1981, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail her claims.

Plaintiff is granted leave to file an amended complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against the defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what the defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred.

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:21-CV-5568 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. (ECF 3.)

Plaintiff has consented to electronic service of court documents. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 26, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge